ANTHONY OLSZEWSKA, ADMINISTRATOR AD PROSE-QUENDUM OF THE ESTATE OF CLARA OLSZEWSKA, PLAINTIFF, v. A. C. WINDSOR, INCORPORATED, AND AMBOY ICE MANUFACTURERS, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, DE-FENDANTS.

Submitted February 2, 1931—Decided July 2, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *John C. Stockel.* (*Thomas L. Hanson,* of counsel).

*Contra, David T. Wilentz.*

Per Curiam.

This is a rule to show cause, obtained by the defendant A. C. Windsor, Incorporated, why plaintiff's verdict for $4,500 should not be set aside. (At the trial there was a non-suit in favor of the Amboy Ice Manufacturers, Incorporated.)

From the plaintiff's proofs it appeared that Clara Olszewska died on July 4th, 1929, at the age of four years and nine months, from burns received while playing near a fire built by the servants and agents of the defendant A. C. Windsor, Incorporated, which had been left unguarded.

The only questions argued are (1) that the verdict for $4,500 is excessive, and (2) that the verdict is contrary to the law and the charge of the trial judge with respect to the measure of damages.

Dealing with the last contention first it is sufficient to say that this reason seems not to be seriously argued or pressed, and properly, as we think, because, as defendant seems to admit, the charge was entirely proper, and the verdict was not contrary to the law as laid down in the charge, nor was it against the charge of the trial court in any proper sense, although we shall now proceed to point out that we think the verdict is excessive.

The infant was survived by her father and mother and by ten brothers and sisters ranging in age from nineteen to four years. Three of the girls, ranging in age from seventeen to nineteen were employed, and their earnings averaged $14 a week. That evidence was no doubt introduced for the purpose of throwing light upon the type and circumstances of the family, as indicating possibly or probably the normal characteristics of the child on account of whose death the suit was brought pursuant to the provisions of the Death act for the benefit of the next of kin.

We think that a consideration of our cases results in the conclusion that this verdict of $4,500 on account of the death of a child at the age of four years and nine months is excessive. Those cases are *Genatt* v. *Bentz*, 133 *Atl. Rep.* 75; *Ward* v. *Public Service Co-ordinated Transport*, 152 *Id.* 82.

As was said in the latter case, where the boy was five years of age:

"Under the circumstances the best we can do is to measure such a verdict by a standard, substantial or otherwise, of verdicts that have been approved in cases of like character. They seem to show an amount ranging around three thousand dollars."

Tested by that rule, the verdict is clearly excessive.

If the plaintiff will consent to a reduction of the verdict to $3,000, he may enter a judgment for that amount; otherwise the rule to show cause will be made absolute.